UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 11-1076 ODW (MRW) | Date | June 18, 2012 |
|---|---|---|---|
| Title | Smith v. Lopez | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica McKamie | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:**    (IN CHAMBERS) ORDER RE: BOND MOTION

The Court heard argument today on Petitioner's motion for release in this state habeas action. (Docket # 29.) For the reasons stated at the hearing, the Court DENIES the motion. The applicable framework for analyzing the claim is set forth in Hilton v. Braunskill, 481 U.S. 770, 774 (1987), which describes the general standards for considering a stay in a civil action:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits [on appeal]; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

The Ninth Circuit expressly states that the "most important factor is the first," that is, whether the state made a strong showing of likely success on appeal. Haggard v. Curry, 631 F.3d 931, 935 (9th Cir. 2010).

As the Court explained at the hearing on the motion, the Court objectively finds that this factor weighs in the state's favor. The combination of the Ninth Circuit's de novo review of this Court's decision to grant habeas relief, the traditional AEDPA deference that the Court of Appeals applies to state court decisions, and the uniqueness of the issues in this habeas action – including the relative paucity of authority on point as to the due process violation – are sufficient to convince the Court that the state may succeed on appeal. The remaining factors (the interest of the state, the public, and the defendant in the issuance of bond) do not materially alter the analysis. As a result, the Court concludes that bond pending appeal is not warranted.